NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID L. MARKFERDING, SR., | : |
| Plaintiff, | : Civil Action No. 21-13368-MCA-AME |
| v. | : OPINION & ORDER |
| DELLA M. MARKFERDING, et al., | : |
| Defendants. | : |

**ESPINOSA, Magistrate Judge**

This matter comes before the Court on Plaintiff David L. Markferding, Sr.'s ("Markferding" or "Plaintiff") motion for the appointment of pro bono counsel [ECF No. 3] pursuant to 28 U.S.C. § 1915(e)(1). The Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, Plaintiff's motion is denied.

**I.   BACKGROUND**

On July 8, 2021, Plaintiff filed an amended complaint [ECF No. 2] asserting a breach of contract claim against his ex-wife and attorneys who represented him and his ex-wife in a family court matter in the Superior Court of New Jersey, Family Part, Hudson County. In the amended complaint [ECF No. 2], Plaintiff alleges that that his ex-wife did not comply with "her contractual obligations" in a consent order entered on August 8, 2019 in the family court matter. Markferding has also brought two other related actions[1] in this District against his ex-wife and

---

[1] *Markferding, et al. v. Markferding, et al.*, 21-cv-12798 and *Markferding, et al. v. Markferding, et al.*, 21-cv-12860.

1

the two attorneys; in one of those actions, Civil Action No. 21-12860, Markferding also sued the family court judge who entered the consent order at issue.

In support of his motion for the appointment of pro bono counsel [ECF No. 3], Markferding asserts: he is "A Great Dad 'Murdered in Family Court'"; he is a 66-year-old man with limited legal knowledge and finances; and counsel would provide him with "knowledge," "advice," and "sound direction." *Id.* Markferding further asserts he already spent an "extreme" amount of money on legal fees in family court and that he has been unable to obtain an attorney because "most attorneys want to rep[resent] folks that are involved in" different types of cases where "fees are extreme." *Id.*

## II.   DISCUSSION

Motions for the appointment of pro bono legal counsel are governed by 28 U.S.C. § 1915(e), which grants courts broad discretion to appoint counsel for indigent litigants. Such appointments, however, are not a statutory right. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); *Speller v. Ciccero*, No. 13-1258, 2013 WL 1121377, *1 (D.N.J. Mar. 12, 2013).

Typically, before analyzing the substance of an applicant's request for pro bono counsel, the Court first determines whether the litigant's overarching claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Here, there are motions to dismiss currently pending before the District Court [ECF Nos. 6, 8 and 11]. This Court makes no judgment on the merits or outcome of the pending motions and will apply the *Tabron* Factors to Plaintiff's request for the appointment of pro bono counsel. The *Tabron* Factors are: (1) Plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue such

investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether Plaintiff can attain and afford counsel on his own behalf. *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). No single factor is determinative and the list is not exhaustive. *Id*. at 458. Rather, the *Tabron* factors articulate important considerations used to evaluate a litigant's request for the appointment of pro bono counsel. *Id.* Courts also consider other factors, "such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time." *Jenkins v. D'Amico*, No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58).

      Here, consideration of the *Tabron* factors weighs against appointing pro bono counsel. First, Markferding has shown the ability to present his own case. He has filed a complaint [ECF No. 1], an amended complaint [ECF No. 2], this motion [ECF No. 3], and a brief in opposition to a motion to dismiss [ECF No. 7]. Also, Markferding has shown adequate competence in filing complaints, motions, and briefs in his two other cases pending in this District.

      Second, the legal issues in this case are not overly complex. The alleged breach of contract arises from a straight-forward family court order with which Markferding is very familiar.

      Third, Markferding appears to be capable of performing any necessary investigations and taking discovery.

      Fourth, although this case may involve some conflicting testimony from Markferding and his former spouse, this is true of most cases and this factor only weighs against appointing pro

bono counsel when the issue of credibility boils down to "solely a swearing contest." *Parham*, 126 F.3d at 460.

Fifth, given Plaintiff's allegations, it is unlikely that his claims would require expert testimony.

Sixth, although Plaintiff suggests that he cannot afford counsel, he does not provide any specific information about his finances. In any event, this factor alone does not justify the appointment of pro bono counsel. *Edwards v. Yates*, No. 15-5780, 2017 WL 106320 at *3 (D.N.J. Jan 11, 2017).

In sum, consideration of the *Tabron* factors above weighs against appointing counsel here. Moreover, the scarcity of pro bono lawyers, the insufficient funding to compensate pro bono counsel, and the value of lawyers' time, are additional factors that weigh against appointment of counsel in this case.

## III. CONCLUSION AND ORDER

For the foregoing reasons, Markferding's motion for the appointment of pro bono counsel is denied. Accordingly,

**IT IS** on this 1st day of December 2021,

**ORDERED** that Plaintiff David L. Markferding, Sr.'s motion for appointment of pro bono counsel [ECF No. 3] pursuant to 28 U.S.C. § 1915(e)(1) is **DENIED**.

    /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

4